IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

19 DEC -4 P 3: 26

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR. NO. 2:19CR458-WKW-WC |
| | ) [18 U.S.C. § 2252A(a)(2) and (b); |
| CHARLES BENNETT SALTER, III | ) 18 U.S.C. § 2252A(a)(5)(B) and (b)(2)] |
| | ) |
| | ) INDICTMENT |

The Grand Jury charges:

## COUNT 1
(Receipt of Child Pornography)

From an unknown date not later than in or about February 28, 2018 and continuing through on or about March 1, 2018, in Montgomery County, within the Middle District of Alabama, and elsewhere, the defendant,

CHARLES BENNETT SALTER, III,

did knowingly receive any child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that has been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer; and that has been shipped and transported using any means and facility of interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 2252A(a)(2) and (b).

## COUNT 2
(Possession of Child Pornography)

From an unknown date not later than in or about February 28, 2018 and continuing through on or about March 1, 2018, in Montgomery County, within the Middle District of Alabama, and elsewhere, the defendant,

CHARLES BENNETT SALTER, III,

did knowingly possess and access with intent to view, material which contains an image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that involved a prepubescent minor, and which had been shipped and transported using any means and facility of interstate and foreign commerce; and was produced using materials that had been mailed shipped and transported in and affecting interstate and foreign commerce, including by computer.

All in violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2).

## FORFEITURE ALLEGATION

A.  The allegations contained in Counts 1 through 2 of this indictment are incorporated by reference for alleging forfeitures pursuant to Title 18, United States Code, Section 2253.

B.  Upon conviction for the violations of Title 18, United States Code, Section 2252A(a)(2) and (5)(B), as alleged in Counts 1 and 2 of this indictment, the defendant,

CHARLES BENNETT SALTER, III,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2253:

(1)  any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, or 2252, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Chapter 110;

(2)  any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense; and,

(3)  any property, real or personal, used or intended to be used to commit or to promote the commission of the offense.

Such property includes, but is not limited to: a Seagate 500 GB SATA HDD, serial number S3PDKPPE; a Dell Alienware Desktop, serial number JW80422; a Samsung 1TB SATA

HDD, serial number 52R8J9BCA20904; a Western Digital My Passport Slim 1TB External HDD, serial number WX51AC3T3410; a Western Digital My Passport 750 GB External HDD, serial number WX91A21T9798; a XTG 128GB M.2 SSD, serial number 2H452002412, a Dell Laptop, serial number 6GTQH2; a Western Digital 160 GB SATA HDD, serial number WXG1A1752S0U; a Seagate 250 GB SATA HDD, serial number 5VCDTW56; an Apple MacBook, no serial number; a Samsung SM-S903VL 16GB Smartphone IMEI, serial number 990005937821826, an Apple iPodA1367 8GB MP3 Player, serial number C3XGR8HADT75; and an Apple iPod Mini A1432 16 GB Tablet, serial number F4JPLU0F194.

    C.    If any of the property described above, as a result of any act or omission of the defendant:

    (1)    cannot be located upon the exercise of due diligence;

    (2)    has been transferred or sold to, or deposited with, a third party;

    (3)    has been placed beyond the jurisdiction of the court;

    (4)    has been substantially diminished in value; or

    (5)    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to seek an order of this Court forfeiting any other property of said defendant up to the value of any property described in paragraph B above.

All pursuant to Title 18, United Sates Code, Section 2253.

A TRUE BILL:

_____
Foreperson

_____
LOUIS V. FRANKLIN, SR.
UNITED STATES ATTORNEY

_____
Russell T. Duraski
Assistant United States Attorney

_____
R. Randolph Neeley
Assistant United States Attorney

4