IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:19-cr-458-WKW-WC |
| | ) | |
| CHARLES BENNETT SALTER, III | ) | |

## ORDER

Upon the motion of the government (Doc. No. 4) and pursuant to the Bail Reform Act (18 U.S.C. § 3142(f)), the court held a detention hearing on today. For the following facts and reasons, the court concludes that the defendant should be detained pending trial in this case.

The defendant is charged with receipt[1] of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5). Based on the indictment and credible testimony presented at the detention hearing, the court finds there is probable cause to believe that the defendant has committed an offense under 18 U.S.C. 2252A(a)(2). The defendant has not rebutted the presumption established by this finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

The credible testimony presented at the detention hearing establishes that the defendant used a file sharing program to obtain images and videos containing child

---

[1] The maximum term of imprisonment for the receipt of child pornography offense is a term of imprisonment not less than five years but no more than twenty years.

1

pornography on his computer and other electronic devices. The devices containing these images and videos were in the defendant's bedroom. These videos and images were of prepubescent females (ages four to twelve) engaging in obscene acts or posing nude. As part of the investigation, these images were sent to the National Center for Missing and Exploited Children ("NCMEC") and NCMEC identified over 90 different series with known victims and over 1500 images with known victims. In addition, during the investigation, state law enforcement executed a search warrant at the defendant's residence and observed numerous female dolls, [2] children's underpants, and white duct tape in the defendant's bedroom. Law enforcement also seized the defendant's cell phone and discovered over 400 images of children on the phone. These images were not images of child pornography but appear to be images of clothed minors out in the community. The court reviewed these images *in camera* and observed images of apparent female minors at a fast-food restaurant and at a grocery store. A few images depicted two minor females, who were clothed, standing inside of a ladies' restroom as the door was ajar. All images appeared to be taken without the knowledge of the minors and were images of the groin, buttocks, or torso of these clothed, minor females. According to law enforcement, after receiving his *Miranda* warnings, the defendant advised law enforcement that the images and items located in his bedroom were just part of his "fantasies."

---

[2] These dolls were located with sex toys in Defendant's bedroom. These dolls comprised of full-size prepubescent dolls, some prepubescent doll torsos, some prepubescent doll genitalia, and some infant dolls. There was one adult size doll. One doll had its hands tied behind its back. Defendant informed law enforcement that he used the dolls for weightlifting.

The Pretrial Services Report shows that the defendant has no criminal history. Testimony at the evidentiary hearing establishes that the defendant's current employment involves working with a traveling book salesman and, most recently, included participation at a book fair at the Alabama Department of Public Safety last month.

Based on the foregoing, and the presumption of detention, the court concludes that there are no conditions or combination of conditions which will reasonably assure the defendant's presence at trial and reasonably protect the community and that the defendant should be detained. In reaching this conclusion, the court has carefully considered, as required by 18 U.S.C. § 3142(g), the nature and circumstances of the offenses charged, the strong weight of the evidence against the defendant, the defendant's employment, that the defendant will be subject to a lengthy period of incarceration if convicted, the evidence adduced at the hearing, and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

Accordingly, it is ORDERED that the Government's Motion for Detention (Doc. No. 4) is GRANTED and the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE this 30th day of December, 2019.

                                          /s/ Jerusha T. Adams
                                          JERUSHA T. ADAMS
                                          UNITED STATES MAGISTRATE JUDGE