AO 245B (Rev. 09/19)   Judgment in a Criminal Case
                       Sheet 1

# UNITED STATES DISTRICT COURT

## Middle District of Alabama

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHARLES BENNETT SALTER, III | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JUDGMENT IN A CRIMINAL CASE**
(WO)

Case Number:  2:19cr458-WKW-01

USM Number:  18025-002

Sandi Yoshiko Irwin
_____
Defendant's Attorney

## THE DEFENDANT:

☑ pleaded guilty to count(s)   2 of the Indictment on 5/20/2020

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:2252A(a)(5)(B) and<br><br>(b)(2) | Possession of Child Pornography | 3/1/2018 | 2 |

    The defendant is sentenced as provided in pages 2 through   8   of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)   1   ☑ is   ☐ are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

8/26/2020
_____
Date of Imposition of Judgment


/s/ W. Keith Watkins
_____
Signature of Judge


W. KEITH WATKINS, U.S. District Judge
_____
Name and Title of Judge


8/28/2020
_____
Date

AO 245B (Rev. 09/19) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page    2    of    8

DEFENDANT:   CHARLES BENNETT SALTER, III
CASE NUMBER:   2:19cr458-WKW-01

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a
total term of:
One Hundred Twenty One (121) Months.

☑ The court makes the following recommendations to the Bureau of Prisons:
The Court recommends Defendant be designated to Marianna Federal Prison or other facility where sex offender
treatment is available for defendant to receive such treatment.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m.  on _____ .

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____ .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
                    Sheet 3 — Supervised Release

Judgment—Page    3    of    8

DEFENDANT:   CHARLES BENNETT SALTER, III
CASE NUMBER:   2:19cr458-WKW-01

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

  5 Years.

# MANDATORY CONDITIONS

1.    You must not commit another federal, state or local crime.
2.    You must not unlawfully possess a controlled substance.
3.    You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
        ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.    ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.    ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.    ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.    ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
                        Sheet 3A — Supervised Release

| | Judgment—Page | 4 | of | 8 |

DEFENDANT:  CHARLES BENNETT SALTER, III
CASE NUMBER:  2:19cr458-WKW-01

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision.  These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction.  The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment—Page      5      of      8

DEFENDANT:  CHARLES BENNETT SALTER, III
CASE NUMBER:  2:19cr458-WKW-01

## SPECIAL CONDITIONS OF SUPERVISION

1)  The defendant shall provide the probation officer any requested financial information.

2)  The defendant shall not incur  new credit charges or open additional lines of credit without approval of the Court or the Probation Officer  unless in compliance with the payment schedule.

3)  The defendant shall participate in a mental health treatment program approved by the United States Probation Office as directed and shall contribute to the cost based on ability to pay and the availability of third-party payments.

4)  The defendant shall register as a sex offender as required by law.

5)  The defendant shall participate in a program approved by the United States Probation Office for the treatment and monitoring of sex offenders, to include polygraph testing if determined necessary by the treatment provider and/or the supervising probation officer.

6)  The defendant shall have no contact with children under the age of 18, and will refrain from entering into any place where children normally congregate, without the written approval of the United States Probation Officer.

7) The defendant shall not possess any form of pornography, sexually stimulating or sexually oriented material depicting children under the age of 18. You shall not enter any location where such pornography or erotica can be accessed, obtained, or viewed.

8) The defendant shall not possess or use a computer or any device that can access the internet; except that you may, with the approval of the probation officer, use a computer in connection with authorized employment. You shall consent to third party disclosure to any employer or potential employer, concerning any computer-related restrictions that are imposed on him.

9) The defendant shall submit your person, and any property, house, residence, vehicle, papers, computer, or other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct, and by any probation officer in the lawful discharge of the officer's supervision functions.

10)  While on supervised release, the Defendant shall not possess any child sex toys.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page __6__ of __8__

DEFENDANT: CHARLES BENNETT SALTER, III
CASE NUMBER: 2:19cr458-WKW-01

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 3,000.00 | $ 0.00 | $ | $ |

☑ The determination of restitution is deferred until ___90 days___. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Marsh Law Firm PLLC | | $3,000.00 | |
| Attn: Jane | | | |
| PO Box 4668 #65135 | | | |
| New York, NY 10163-4668 | | | |

| **TOTALS** | $ 0.00 | $ 3,000.00 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement   $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☑ the interest requirement is waived for the   ☐ fine   ☑ restitution.

    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page ___7___ of ___8___

DEFENDANT:  CHARLES BENNETT SALTER, III
CASE NUMBER:  2:19cr458-WKW-01

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $ __3,100.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☑ in accordance with ☐ C,   ☐ D,   ☐ E, or   ☑ F below; or

**B** ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
    _____ *(e.g., months or years),* to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
    _____ *(e.g., months or years),* to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
    term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
    imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:
    All criminal monetary penalty payments shall be made to the Clerk, United States District Court, Middle District of
    Alabama, One Church St., Montgomery, Alabama 36104.  Any balance of restitution remaining at the start of
    supervision shall be paid at the rate of not less than $100 per month.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
    a. a Seagate 500 GB SATA HDD, serial number S3PDKPPE; b. a Dell Alienware Desktop, serial number JW80422;
    c. a Samsung 1TB SATA HDD, serial number 52R8J9BCA20904; (SEE NEXT PAGE)

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 6B — Schedule of Payments

Judgment—Page  8  of  8

DEFENDANT:  CHARLES BENNETT SALTER, III
CASE NUMBER:  2:19cr458-WKW-01

## ADDITIONAL FORFEITED PROPERTY

d. a Western Digital My Passport Slim 1TB External HDD, serial number WX51AC3T3410;

e. a Western Digital My Passport 750 GB External HDD, serial number WX91A21T9798;

f. an XTG 128GB M.2 SSD, serial number 2H452002412;

g. a Dell Laptop, serial number 6GTQH2;

h. a Western Digital 160 GB SATA HDD, serial numberWXG1A1752SOU;

i. a Seagate 250 GB SATA HDD, serial number 5VCDTW56;

j. a Apple MacBook, no serial number;

k. a Samsung SM-S903VL 16GB Smartphone IMEI, serial number 990005937821826;

l. an Apple iPodA1367 8GB MP3 Player, serial number C3XGR8HADT75; and

m. an Apple iPad Mini A1432 16 GB Tablet, serial number F4JPLUOF1941.